The opinion of the Court was delivered by
Withers, J.
It had been presumed that the question raised upon this appeal was definitively settled. The principal object in adding a word now is to reaffirm that fact. The rule, in our Courts, long established, is, that in an action upon a security executed for the purchase money of land, bought at a fixed rate per acre, the purchaser may abate the price by proof of deficiency in quantity; and that proof of the sale of so many acres, at a certain rate per acre, may be adduced by parol, and a verdict thereupon shall be reduced, pro tanto, according to the deficiency.
The doctrine is not obnoxious to anything contained in the statute of frauds: nor to that rule of evidence which excludes anything by parol to vary, contradict, add to, or subtract from, written evidence of contract. It proceeds upon the footing of failure of consideration, and has been also adjudged to belong to the rights of a defendant under our discount law, (vide Abercrombie vs. Owings and al., 2 Rich. 127, which is a case full to the point of the one before us.) The case cited, and that of Bauskett ads. Jones, 2 Spears 68, contain a reference to a multitude of instances in which the rule has been administered as was done on Cir'cuit in the present instance.
The distinction is where a gross sum has in point of fact been given for a body of land, described by metes and bounds, with quantity mentioned as additional matter of description, (which intent may be the more manifest from reference to very specific boundaries, illustrated by plat annexed,) and the purchaser obtains the parcel of land accordingly; and where the purchaser has bought by the acre, and stipulated to pay according to the quantity, in point of fact. Another question, dependent upon the position of a purchaser, as plaintiff in an action on the warranty, does not present itself now.
It is manifest the description contained in the deed of convey *40 anee is not conclusive upon the point under consideration. It Avas much more specific in the case of Abercrombie vs. Owings and al. than in this case : in that, a survey had been previously made, though of doubtful accuracy, and the conveyance expressed a gross sum as the consideration,-and the quantity Avas stated at 85 acres, “more or less,” bounded by lines beginning at a corner and running thence, &c. according to the plat made by the surveyor Gilbert. The conveyance here was for one-ninth part of a tract, whereon a certain person then lived, “containing 640 acres, more or less, situate in Union District on the West side of'Broad River adjoining lands belonging to J. H., F. S., W. D., and J. B. T.” Such was the whole specification and without plat.
The defence here resisted was allowed in the case cited : a fortiori, it was properly allowed in the case before us.
No sensible difference arises from the circumstance, that in Abercrombie vs. Owings and al. it was stipulated, by parol, before the execution of the deed and the notes under seal, that a mistake in the quantity should be rectified, when afterwards ascertained. The nature of the contract in this case implied the same. The same objection would exist in either case, the same has been urged, as to the evidence disclosing the nature and terms of the contract. Now, as heretofore, it'must be held unavailing. The motion is dismissed.
Wardlaav, FROst and WhitNer, JJ., concurred.

Motion dismissed.